**Stephen Crew, OSB No. 781715**
steve@crewjanci.com
**Peter Janci, OSB No. 074249**
peter@crewjanci.com
**William Stewart, OSB No. 124670**
will@crewjanci.com
**CREW JANCI LLP**
1200 NW Naito Pkwy, Ste 500
Portland, Oregon 97209
Telephone: (503) 306-0224
Facsimile: (503) 467-4940
*Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JESSICA DOE,** an individual proceeding under a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>**ST. HELENS SCHOOL DISTRICT**, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon; **ST. HELENS SCHOOL DISTRICT BOARD**, an Oregon corporate body authorized and chartered by the laws of the State of Oregon; **SCOT STOCKWELL**, individually and in his official capacity as Superintendent of the St. Helens School District; **TED ZEHR**, individually and in his official capacity as principal of St. Helens High School; **JAMES CARLILE**, individually and in his official capacity as principal of St. Helens High School; and **HEATHER ANDERSON-BIBLER,** individually and in her official capacity as guidance counselor of St, Helens High School,<br><br>Defendants. | CASE NO: _____<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## COMPLAINT

COMES NOW the Plaintiff, Jessica Doe, by and through her attorneys, hereby states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction lies under 28 U.S.C. §1331 inasmuch as this complaint presents a federal question.

2.     Jurisdiction over the state claims arises under 28 U.S.C. §1367(a).

3.     Venue in the Federal District Court of Oregon, Portland Division is appropriate pursuant to 28 U.S.C. §1391 because the occurrences complained of took place in Columbia County, Oregon.

## PARTIES

4.     Plaintiff Jessica Doe (hereinafter "Doe" or "Plaintiff") was born in March of 2001, and at all times material herein lived in Columbia County, Oregon and attended St. Helens High School in the St. Helens School District.

5.     Doe is proceeding under a pseudonym because she is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma.  Plaintiff's true identity is known to Defendants.

6.     At all times material herein, St. Helens High School (hereinafter, the "School") was located in St. Helens, Oregon, as part of Defendant St. Helens School District (hereinafter, the "District").  The District is a corporate body authorized and chartered by the laws of the State of Oregon.

7.      At all times material herein, Defendant St. Helens School District Board (hereinafter, the "Board") was authorized by the laws of the State of Oregon to transact all business within the jurisdiction of the District. This includes establishing all policies, procedures and rules of the District, including those related to sexual abuse prevention, detection and investigation.

8.      At all times material herein, Defendant Scot Stockwell (hereinafter, "Stockwell") was the Superintendent of the District. Upon information and belief, in his capacity as Superintendent, Stockwell had the authority and duty to implement district-wide all policies, procedures and rules adopted by the Board. This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, investigation and reporting.

9.      For much of the time material herein, Defendant Ted Zehr (hereinafter, "Zehr") served as the Principal of the School. Upon information and belief, in his capacity as Principal, Zehr had the authority and duty to implement school-wide all policies, procedures and rules adopted by Stockwell and the Board. This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, reporting and investigation.

10.      For much of the time material herein, Defendant James Carlile (hereinafter, "Carlile") served as the Principal of the School. Upon information and belief, in his capacity as Principal, Carlile had the authority and duty to implement school-wide all policies, procedures and rules adopted by Stockwell and the Board. This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, reporting and investigation.

11.      At all times material herein, Defendant Heather Anderson-Bibler (hereinafter, "Anderson-Bibler") was the guidance counselor of the School. Upon information and belief, in her capacity as guidance counselor for the School, Anderson-Bibler had a duty to follow and

**Page | 3    COMPLAINT**

adhere to any school-wide policies, procedures and rules adopted by Stockwell and the Board. This included any policies, procedures or training related to sexual abuse prevention, detection and investigation.

## FACTUAL ALLEGATIONS

12.     Upon information and belief, prior to 2008 the District and School hired Kyle Wroblewski (hereinafter, "Wroblewski"), an adult male, to work as a track coach and teacher. As a coach and teacher, the District and School empowered Wroblewski to perform all duties of a staff member, including supervision, discipline and developing relationships with students.

13.     Over the decade leading up to the abuse of Plaintiff in this case, Defendants became aware on multiple occasions of sexual misconduct and sexual harassment by Wroblewski towards students in the District.  In April of 2008, the School wrote a disciplinary letter admonishing Wroblewski for "smelling girls and referring to their 'delicious' perfume," assisting female students stretch at track in sexually suggestive ways, allowing girls to wear their volleyball spandex in his classroom in violation of School rules, telling students to "use your raincoat" as a euphemism for using protection during sex, caressing female students' hair, allowing female students to congregate at his desk during class, initiating shoulder massages with students, and otherwise engaging in behavior that students described as "too touchy." Wroblewski did not deny the allegations in the School's letter of admonishment. The school issued a Letter of Directive to Wroblewski detailing specific behavior expectations that he was to follow.

14.     Again, in April of 2009, the School and the District admonished Wroblewski for similar sexually suggestive behavior with minor female students. The school also temporarily suspended Wroblewski in or around April of 2009 after he had twice been admonished for

**Page | 4   COMPLAINT**

engaging in sexually suggestive behavior with minor, female students, and after the School received three separate complaints regarding his conduct with female students. These complaints related to (1) a girl with whom Wroblewski raised the topic of "missionary" being a sexual position, (2) a girl with whom Wroblewski was texting privately and serving as an unapproved School monitor on a Sunday afternoon, and (3) the recurring complaint that Wroblewski was allowing female students to congregate at his desk during class time. The School and the District informed Wroblewski that: "The punishment fits the infraction. You have been guilty of serious misconduct; as indicated above, your conduct constitutes sexual harassment of students. Your behavior is strictly forbidden by state and federal law as well as the District's policies." The School determined that the three complaints against Wroblewski were substantiated. The School issued a second Letter of Directive, entitled a "List of Expectations," to Wroblewski after the 2009 determination that Wroblewski had violated the terms of his 2008 Letter of Directive. The School also acknowledged in its writings to Wroblewski that "your misconduct subjects the District, and you, individually, to serious civil liability," and that "more serious disciplinary action is probably also warranted even though it was not taken."

15.     Additionally, on information and belief, in 2014 a minor female student of Wroblewski's was groomed by Wroblewski, texted with him frequently, and Wroblewski cultivated in her the impression that she and Wroblewski would be together in the future.

16.     On information and belief, the School and District were also aware that Wroblewski began his romantic relationship with his wife when she was a 17 year old student of his and he was her 24 year old teacher in the District. On information and belief, the circumstances surrounding Wroblewski's initiation of a relationship with his wife (as a minor District student) was well known around the School and the District.

Page | 5   COMPLAINT

17.     Wroblewski met Plaintiff while serving the School and District as a track coach and teacher, and served as Plaintiff's track coach.

18.     While working at the District and School, and for the purpose of furthering his assigned duties as a coach and teacher, Wroblewski befriended Plaintiff; gained Plaintiff's trust and confidence as an authority figure and mentor to Plaintiff; gained the permission, acquiescence and support of Plaintiff to spend substantial periods of time with Plaintiff; and sought and gained support and instruction of the District and School and its administration that Plaintiff was to have respect for Wroblewski's authority and to comply with his instructions and requests.

19.     For purposes of furthering his duties as a coach and teacher, Wroblewski also sought and gained the respect, admiration, friendship and obedience of Plaintiff.  As a result, Plaintiff was conditioned to trust Wroblewski, to comply with Wroblewski's direction, and to respect Wroblewski as a person of authority.  The conduct described in paragraphs 1-19 above is hereinafter collectively referred to as "Grooming."

20.     Beginning in the summer of 2017, near the beginning of Plaintiff's junior year, Wroblewski, who was forty-three (43) years old at the time, began Grooming Plaintiff, who was sixteen (16) years old at the time.  This included Wroblewski exchanging text messages, e-mails, and phone calls with Plaintiff.

21.     In approximately the summer of 2017, Wroblewski expressed to Plaintiff that he had sexual feelings for her.  After school began in the fall, Wroblewski began noticeably singling out Plaintiff for special attention, including (a) sitting and talking with her for long periods during track activities; (b) talking intimately with her during classes; (c) giving Plaintiff rides in his car; (d) exchanging handwritten notes with Plaintiff at School and during School hours; and

**Page | 6    COMPLAINT**

(e) exchanging gifts and items with Plaintiff at School, specifically during either her classes or during track practices and meets. Upon information and belief, Wroblewski engaged in these activities openly and his conduct was observable by School teachers and staff. Upon information and belief, no action, follow-up or investigation occurred despite Plaintiff's and Wroblewski's conspicuous relationship.

22.     Around the same time, as a result of Wroblewski's Grooming, Plaintiff began confiding and trusting in Wroblewski. In or around October of 2017, Plaintiff confided to Wroblewski that she was experiencing severe emotional problems in her personal life.

23.     In November 2017, Wroblewski began sexually abusing Plaintiff. At least some of the sexual abuse occurred on the grounds of St. Helens High School.

24.     In December of 2017, when Plaintiff was sixteen (16) years old, Wroblewski's sexual abuse increased in frequency and severity. Thereafter, Wroblewski would continue sexually abusing Plaintiff on a regular basis until May of 2018, when Wroblewski was arrested for sexually abusing Plaintiff. Said sexual abuse occurred in various places, including on the grounds of St. Helens High School and at Wroblewski's residence.

25.     During the winter and spring of 2017-2018, information about Plaintiff's and Wroblewski's relationship was discussed widely throughout the School and, upon information and belief, had become known to certain School staff. As early as November of 2017, teacher Garrett Taylor witnessed Wroblewski in a School classroom embracing Plaintiff. In approximately January of 2018, another student notified numerous District personnel, including the School's activities director and the School's band director, of her concerns regarding Wroblewski's inappropriate relationship with Plaintiff. That student was cautioned by one of the District personnel she notified to exercise discretion because such allegations are a "serious

**Page | 7   COMPLAINT**

thing," and also that rumors of Wroblewski's inappropriate behavior with minor female students had circulated at the school in the past. Despite knowledge of this information, neither the District, the School, Stockwell, Zehr, Carlile, Anderson-Bibler nor any staff reported this information, investigated further, or took action to prevent Wroblewski from abusing Plaintiff.

26.    The District maintains and periodically edits certain policies or procedures concerning sexual assault and harassment. One such procedure, titled "Students with Harassment Complaints," delineates the following policy: "Any sexual harassment information (complaints, rumors, etc.) shall be presented to the principal, compliance officer or superintendent." The procedure defines sexual harassment to include "request [sic] for sexual favors and other verbal or physical conduct of a sexual nature made by a member of the staff to a student . . . ."

27.    Oregon Revised Statute 419B.015 also requires educators to report any suspicions of child abuse to the Department of Human Services child welfare or to a law enforcement agency within the county where the abuse occurred.   Oregon Revised Statute 339.388 further requires all school employees to report any reasonable suspicion of abuse or sexual conduct to a person specifically designated by the District.

28.    Between the summer of 2017 and of May 2018, despite rumors and conspicuous signs of Wroblewski's abuse of Plaintiff, no steps were taken by Defendants or their agents to investigate, report, or prevent Wroblewski's future abuse of Plaintiff.

29.    In May 2018 Wroblewski was arrested and later indicted on 34 counts related to sexual abuse of Plaintiff and official misconduct. Wroblewski's arrest occurred at his residence, after he had taken a day off from school and arranged to have Plaintiff meet at his residence to engage in sexual abuse. Wroblewski encouraged Plaintiff to come to his home so that he could meet her, while he was also absent from his position as a teacher that day.

**Page | 8    COMPLAINT**

30.     Wroblewski violated the terms of his release after his May 2018 arrest on several

occasions. In June of 2018, Wroblewski engaged in prohibited contact with Plaintiff and came

within 500 feet of St. Helens High School. In August of 2018, Wroblewski engaged in contact

with Plaintiff and sexually abused her while he was on pre-trial release.

31.     In August of 2019, Wroblewski was sentenced to 50 months in custody.

Wroblewski admitted to the existence of the sentencing enhancement factor that "the offense

involved a violation of public trust or professional responsibility," in violation of OAR 213-008-

0002(1)(F).

32.     Prior to the last incident of Wroblewski's abuse of Plaintiff, the School and the

District had reason to know that Wroblewski harbored sexual interest in his minor female

students. The School and District had, at least twice previously, formally disciplined Wroblewski

for engaging in inappropriate boundary violations and/or sexual behavior with other minor,

female students from the District, as set out in Paragraphs 13-16 above.

33.     Despite multiple notices and warning signs known to the District that indicated

that their teacher Wroblewski posed a threat to the health and safety of children enrolled in the

District, the District did nothing to warn, protect, or report.

34.     In approximately April of 2018, after some of the abuse had occurred, Plaintiff

informed a female track coach employed in the District that Plaintiff had been cutting herself and

was feeling suicidal. As a result, a counseling session was set up with the School's counselor,

Defendant Heather Anderson-Bibler, and Anderson-Bibler allowed Wroblewski to participate in

the session along with herself and Plaintiff. During this counseling session, Anderson-Bibler

allowed Wroblewski to direct the entire session, despite what the School knew about

Wroblewski's danger to female students and pattern of boundary violations. Thereafter, the

**Page | 9    COMPLAINT**

School and the District failed to inform Plaintiff's legal guardians that she had seen a counselor because she was engaging in self-harm and experiencing suicidal thoughts.

35.     Upon information and belief, throughout the period of Wroblewski's Grooming of Plaintiff for sexual abuse while Plaintiff attended the School, which occurred within view of Defendants, Defendants failed to question Wroblewski about the nature of his relationship with Plaintiff, failed to investigate rumors of their sexual relationship, and failed to report reasonable suspicion of child abuse to police or state authorities.  Instead, Defendants relied upon Wroblewski to create and enforce an appropriate boundary between himself and students, including Plaintiff. In so doing, Defendants acted with deliberate indifference to the safety of students, including Plaintiff, and/or tacitly authorized Wroblewski's misconduct to continue.

## FIRST CLAIM FOR RELIEF

### Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983

36.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 35 above.

37.     Defendants were deliberately indifferent to Plaintiff's rights under the Eighth and/or Fourteenth Amendments of the U.S. Constitution in one or more of the following ways:

a.   In failing to properly train all staff, employees, volunteers or coaches of the District and School on how to detect and identify predatory behavior.  This failure led to the inability and/or unwillingness of Defendants and other School and District employees to recognize or appreciate the significance of Wroblewski's grooming, boundary violations, and overt predatory behavior vis-à-vis Plaintiff and other minor students;

b.  In failing to properly train all staff, employees, volunteers or coaches of the District and School in the proper implementation of their policies and the requirements under Oregon law for reporting and responding to grooming, boundary violations, and overtly predatory behavior by a staff member toward a student. This failure allowed Wroblewski's conspicuous predatory behavior to go unchecked as detailed above;

c.  In failing to report to police or DHS reasonable suspicious of child sexual abuse based on widely circulated information of Wroblewski's sexual relationship with Plaintiff, despite Defendants' own duly promulgated rules and procedures requiring such reporting and Defendant's knowledge that Wroblewski had at least twice engaged in similar behavior previously; and

d.  In failing to educate students to recognize and report predatory behavior.

38.    As a direct result of the actions and inactions of Defendants as set forth above, Plaintiff endured and suffered severe physical, mental and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

39.    The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury. .

40.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SECOND CLAIM FOR RELIEF

### Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983
### (*Monell* Claims)

41.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 40, above.

42.     The moving forces that resulted in the deprivation of the Eighth and/or Fourteenth Amendment rights of Plaintiff were the following policies, customs or practices of Defendants:

    a.  a policy, custom or practice of not providing training to all School and District staff members on how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior;

    b.  a policy, custom or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior;

    c.  a policy, custom or practice of not implementing policies and procedures as to how to identify, investigate, report and prevent grooming, boundary violations, and predatory behavior; and

    d.  a policy, custom or practice of not reporting or otherwise ignoring information indicating sexual conduct by staff toward students.

43.     The policies of Defendants posed a substantial risk of causing significant harm to students, including Plaintiff, and Defendants were aware of the risk.

44.     As a direct result of the policies, customs or practices of Defendants, Plaintiff was sexually abused by Wroblewski. As a direct result of the policies, customs or practices of Defendants, Plaintiff endured and suffered severe physical, mental and emotional distress.

Plaintiff is entitled to compensatory damages in an amount to be determined by a jury. .

45.     The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury. .

46.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## THIRD CLAIM FOR RELIEF

### Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983 (Supervisory Liability)

47.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 46 above.

48.     Defendants, in their supervisory capacities, were aware of the policies, customs or practices, as alleged above, and were aware that said policies, customs or practices created a substantial risk of causing harm to the students of the District and the School by endangering their physical, mental and emotional safety.  Despite their knowledge, said supervisors allowed, approved of and ratified said policies, customs or practices.

49.     Defendants Stockwell, Zehr, Carlile, and Anderson-Bibler, the Board, the School and the District, in their supervisory capacities, failed to adequately train staff, teachers and volunteers how to:

    a.   identify or recognize suspicious or predatory behavior indicating a risk of child sexual abuse by adult staff and volunteers;

    b.   investigate suspicious or predatory behavior by adult staff and volunteers;

    c.   report suspicious or predatory behavior by adult staff and volunteers;

      d.   prevent predatory behavior by adult staff and volunteers;

      e.   investigate and/or report all rumors of romantic or sexual relationships between students and staff or volunteers as required by District policy; and,

      f.   implement or follow District policies and procedures on sexual assault and harassment.

50.    Defendants were aware that the failure to train, set forth above, created a substantial risk of causing harm students.

51.    Defendants, in their supervisory capacities, had actual and constructive notice that Wroblewski's inappropriate and predatory conduct constituted a threat to students including Plaintiff. Defendants were on actual or constructive notice based on Wroblewski's following overt and observable conduct:

      a.   Wroblewski engaged in intimate one-on-one conversations with Plaintiff during School events;

      b.   Wroblewski followed Plaintiff around school grounds with no legitimate educational purpose;

      c.   Wroblewski spent an inordinate amount of time around Plaintiff, with no legitimate educational purpose;

      d.   Wroblewski had been accused of similar inappropriate conduct with minor female students in 2008, and had been reprimanded;

      e.   Wroblewski had been accused of similar inappropriate conduct with minor female students in 2009, and had been reprimanded;

      f.   Plaintiff visited Wroblewski at his home on many occasions, including during School hours.

g.  A minor female student of Wroblewski's informed law enforcement in 2014 that Wroblewski had engaged in inappropriate conduct with her and left her with the impression they would marry.

52.    As a direct result of the actions and inactions of Defendants discussed above, Plaintiff endured and suffered severe physical and emotional distress.

53.    The actions and inactions of Defendants were deliberately indifferent to the civil rights of Plaintiff and callously disregarded her physical safety, and punitive damages should be awarded in an amount to be determined by a jury. .

54.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**

**State Created Danger – 14th Amendment – 42 USC § 1983**
**(Supervisory Liability)**

55.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 54, above.

56.    Defendants, being a school district and a school district's agents and employees, acted *in loco parentis* to Plaintiff. As such, Defendants had a special relationship with Plaintiff.

57.    Defendants, with deliberate indifference, exposed Plaintiff to Wroblewski's grooming, boundary violations, and overtly predatory behavior.

58.    Defendants' deliberately indifferent exposure of Plaintiff to Wroblewski, as a known teacher who harbored sexual interest in his minor female students (including a known sexual interest in Plaintiff), affirmatively placed Plaintiff into the state-created danger of sexual abuse by Wroblewski.

59.    Plaintiff suffered sexual abuse by Wroblewski as a result of Defendants' deliberate indifference to the state-created danger of sexual abuse that Defendants created.

60.    Defendants' conduct deprived Plaintiff of her right to bodily safety and her liberty to control of her body.

61.    As a direct result of Defendants creating a danger of sexual abuse by Wroblewski, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

62.    The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury. .

63.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## FIFTH CLAIM FOR RELIEF

### Negligence

64.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 63, above.

65.    Defendants established a special relationship with Plaintiff once Plaintiff became a student of the District and School and held out to Plaintiff that their facilities were safe and trustworthy. The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision and retention of its staff, including Wroblewski. Alternatively, or in conjunction with the above, Plaintiff had a special relationship with Defendants as a child entrusted to the care and control of Defendants *in loco parentis*. This

**Page | 16    COMPLAINT**

special relationship created a duty of care on the part of Defendants to ensure Plaintiff's safety while a student.

66.    On information and belief, Defendants acted negligently and created a foreseeable risk of Wroblewski abusing students, including Plaintiff, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

a.    In failing to adequately supervise Wroblewski in his interactions and relationships with minors, including plaintiff;

b.    In failing to adequately train employees and/or volunteers, including Wroblewski, in how to recognize, report, and prevent child sexual abuse;

c.    In failing to reasonably and adequately investigate and respond to information indicating that Wroblewski was engaging in inappropriate and sexual contact with students, including Plaintiff;

d.    In retaining Wroblewski after learning information indicating that he was engaging in inappropriate and sexual contact with students, including Plaintiff; and,

e.    In failing to properly implement other reasonable child abuse prevention policies.

67.    Any or all of Defendants' failures described above were substantial contributing and causal factors of all or some of Plaintiff's abuse and damages.  Plaintiff endured and suffered severe physical, mental and emotional distress.  Plaintiff is entitled to compensatory damages in an amount to be determined by a jury. .

68.    Defendants' failures described above created a foreseeable risk that students in Defendants' care, including Plaintiff, would be sexually abused.  Plaintiff's interest in being protected and free from child sexual abuse was an interest of a kind that the law protects against

**Page | 17    COMPLAINT**

negligent invasion.

69.    Defendants' failures were direct and foreseeable causes of all or some of Plaintiff's sexual abuse and damages, as alleged above.  As a result and consequence of Defendants' negligence, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

70.    Some of Wrobelewski's intentional sexual abuse of Plaintiff occurred on the grounds of St. Helens High School, and therefore occurred while Wroblewski was directly acting within the course and scope of his employment with Defendants. In the alternative, by sexually abusing Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Punitive damages against an agent are attributable to a principal when a tort is committed in the course and scope of agency. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury. .

71.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SIXTH CLAIM FOR RELIEF

### Sexual Battery of Child/*Respondeat Superior*

72.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 71, above.

73.    While acting in the course and scope of his agency for the District and the School, Wroblewski engaged in grooming, boundary violations, and overtly predatory behavior toward Plaintiff.

74.     While acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent.

75.     As a direct result of Wroblewski's sexual abuse and breach of authority and trust, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

76.     Some of Wrobelewski's intentional sexual abuse of Plaintiff occurred on the grounds of St. Helens High School, and therefore occurred while Wroblewski was directly acting within the course and scope of his employment with Defendants. In the alternative, by sexually abusing Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Punitive damages against an agent are attributable to a principal when a tort is committed in the course and scope of agency. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury. .

77.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress/*Respondeat Superior*

78.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 77, above.

79.     Wroblewski, while engaging in the Grooming process, knowingly and intentionally caused severe emotional distress and physical injury to Plaintiff when he sexually abused her as described above.  In the alternative and/or in conjunction with the Grooming, acts

**Page | 19    COMPLAINT**

committed within the course and scope of Wroblewski's employment with the District and the School led to and/or resulted in Wroblewski knowingly and intentionally causing severe emotional distress as a result of this sexual abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

80.    As a direct result of Wroblewski's intentional infliction of emotional distress, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

81.    Some of Wrobelewski's intentional sexual abuse of Plaintiff occurred on the grounds of St. Helens High School, and therefore occurred while Wroblewski was directly acting within the course and scope of his employment with Defendants. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury. .

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Second Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Third Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fourth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fifth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Sixth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs; and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**On the Seventh Claim for Relief**, for judgment against Defendants, and each of them,

for compensatory damages in an amount the jury concludes is appropriate, and for punitive

damages in an amount the jury concludes is appropriate, and for necessarily and reasonably

incurred costs.

DATED this 29th day of October, 2019.

CREW JANCI LLP

**Stephen Crew, OSB No. 781715**
**Peter Janci, OSB No. 074249**
**William Stewart, OSB No. 124670**
CREW JANCI LLP
1200 NW Naito Pkwy, Ste 500
Portland, OR 97209
Tel: 503-306-0224
steve@crewjanci.com
peter@crewjanci.com
will@crewjanci.com

*Of Attorneys for Plaintiff*