**KAREN M. VICKERS,** OSB No. 913810
kvickers@mershanlaw.com
**BETH F. PLASS,** OSB No. 122031
bplass@mershanlaw.com
MERSEREAU SHANNON LLP
111 SW Columbia Street, Suite 1100
Portland, Oregon 97201-5865
Telephone: 503.226.6400
Facsimile: 503.226.0383

Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JESSICA DOE**, an individual proceeding under a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>**ST. HELENS SCHOOL DISTRICT**, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon; **ST. HELENS SCHOOL DISTRICT BOARD**, an Oregon corporate body authorized and chartered by the laws of the State of Oregon; **SCOT STOCKWELL**, individually and in his official capacity as Superintendent of the St. Helens School District; **TED ZEHR**, individually and in his official capacity as principal of St. Helens High School; **JAMES CARLILE**, individually and in his official capacity as principal of St. Helens High School; and **HEATHER ANDERSON-BIBLER**, individually and in her official capacity as guidance counselor of St, Helens High School,<br><br>Defendants. | Case No. 3:19-cv-01728-SB<br><br>ANSWER |

For their answer to plaintiff's Complaint on file herein, defendants admit, deny and allege as follows:

PAGE 1 -    ANSWER

1.

Admit jurisdiction over the federal claims is proper.

2.

Admit jurisdiction over the state claims is proper.

3.

Admit venue is proper.

4.

Admit plaintiff was born in March 2001 and attended St. Helens High School ("School") in the St. Helens School District ("District").

5.

Admit plaintiff's identity is known to defendants, but lack sufficient knowledge to admit or deny the remainder of paragraph 5.

6.

Admit that the School is located in St. Helens, Oregon, and is operated by the District, and that the District is a public body as defined by ORS 30.265.

7.

Deny that the St. Helens School District Board is a legal entity separate from the District.

8.

Admit that defendant Scott Stockwell ("Stockwell") is the superintendent of the District.

9.

Admit that defendant Ted Zehr ("Zehr") was at times the principal for the School.

///

PAGE 2 -    ANSWER

10.

Admit that defendant James Carlile ("Carlile") was at times principal for the School.

11.

Admit that defendant Heather Anderson-Bibler ("Anderson-Bibler") was at times the guidance counselor for the School.

12.

Admit that Kyle Wroblewski ("Wroblewski") worked for the District.

13.

Admit that in April 2008 Wroblewski received a letter of directive, the contents of which speaks for itself but deny the remainder of paragraph 13.

14.

Admit that in April of 2009, Wroblewski received a letter of reprimand the contents of which speak for itself and in May 2009 Wroblewski received a list of expectations, the contents of which speak for itself but deny the remainder of paragraph 14.

15.

Lack sufficient knowledge to admit or deny paragraph 15 and therefore deny the same.

16.

Deny paragraph 16.

17.

Lack sufficient knowledge to admit or deny paragraph 17 and therefore deny the same.

18.

Deny paragraph 18.

PAGE 3 -    ANSWER

19.

Deny paragraph 19.

20.

Lack sufficient knowledge to admit or deny the allegations in paragraph 20 and therefore deny the same.

21.

Lack sufficient knowledge to admit or deny the allegations in paragraph 21 and therefore deny the same.

22.

Lack sufficient knowledge to admit or deny the allegations in paragraph 22 and therefore deny the same.

23.

Lack sufficient knowledge to admit or deny the allegations in paragraph 23 and therefore deny the same.

24.

Lack sufficient knowledge to admit or deny the allegations in paragraph 24 and therefore deny the same.

25.

Deny paragraph 25.

26.

Admit the District maintains policies and procedures concerning sexual assault and harassment, the contents of which speak for themselves.

PAGE 4 -    ANSWER

27.

Paragraph 27 does not contain an allegation of fact but rather a statement of law and requires no response.

28.

Deny paragraph 28.

29.

Lack sufficient knowledge to admit or deny paragraph 29 other than admit Wroblewski was arrested in May 2018.

30.

Lack sufficient knowledge to admit or deny paragraph 30.

31.

Admit that Wroblewski was sentenced in August 2019 but lack sufficient knowledge to admit or deny the remainder of paragraph 31.

32.

Deny paragraph 32.

33.

Deny paragraph 33.

34.

Deny paragraph 34.

35.

Deny paragraph 35.

///

PAGE 5 -   ANSWER

36.

Except as admitted above, defendants deny each and every remaining allegation of plaintiff's Complaint and the whole thereof.

## FIRST DEFENSE

### (Failure to State a Claim)

37.

Plaintiff will be unable to present admissible evidence which would allow a reasonable juror to find defendants liable for some or all of the claims asserted in plaintiff's Complaint.

## SECOND DEFENSE

### (Oregon Tort Claims Act)

38.

Plaintiff's claims against defendant District are claims against a special government body and, as such, any actions available to plaintiff are subject to the conditions, limitations, and immunities set forth in the Oregon Tort Claims Act, ORS 30.260, *et seq*.

## THIRD DEFENSE

### (Acts of Another)

39.

Plaintiff's injuries as alleged were caused by the actions of a third party. Therefore, the third party is responsible for all of plaintiff's actual injuries.

///

///

///

## FOURTH DEFENSE

## (Qualified Immunity)

40.

The individual defendants are entitled to qualified immunity.

## FIFTH DEFENSE

## (Not Proper Parties)

41.

The individual defendants are not proper parties under the Oregon Tort Claims Act.

## SIXTH DEFENSE

## (Tort Claim Notice)

42.

Plaintiff's Complaint is barred in whole or in part for failure to give timely tort claim notice.

## SEVENTH DEFENSE

## (Additional Defenses)

43.

Defendants reserve the right to raise additional defenses that may become apparent during the course of discovery.

///

///

///

PAGE 7 -    ANSWER

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

WHEREFORE, having fully answered plaintiff's Complaint, defendants pray for judgment in their favor.

DATED: January 3, 2020.

MERSEREAU SHANNON LLP

_s/ Karen M. Vickers_
**KAREN M. VICKERS,** OSB No. 913810
kvickers@mershanlaw.com
**BETH F. PLASS,** OSB No. 122031
bplass@mershanlaw.com
503.226.6400
    Of Attorneys for Defendants

PAGE 8 -    ANSWER