**Stephen F. Crew, OSB No. 781715**
steve@crewjanci.com
**Peter B. Janci, OSB No. 074249**
peter@crewjanci.com
**CREW JANCI LLP**
1200 NW Naito Pkwy, Ste 500
Portland, Oregon 97209
Telephone: (503) 306-0224
Facsimile: (503) 467-4940
*Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JESSICA DOE,** an individual proceeding under a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>**ST. HELENS SCHOOL DISTRICT**, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon; **ST. HELENS SCHOOL DISTRICT BOARD**, an Oregon corporate body authorized and chartered by the laws of the State of Oregon; **SCOT STOCKWELL**, individually, and in his official capacity as Superintendent of the St. Helens School District; and **TED ZEHR**, individually, and in his official capacity as Principal of St. Helens High School,<br><br>Defendants. | CASE NO: 3-19-cv-01728-SB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## **COMPLAINT**

COMES NOW the Plaintiff, Jessica Doe, by and through her attorneys, hereby stating

as follows:

Page | 1    FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.      Jurisdiction lies under 28 U.S.C. §1331 inasmuch as this complaint presents a federal question.

2.      Jurisdiction over the state claims arises under 28 U.S.C. §1367(a).

3.      Venue in the Federal District Court of Oregon, Portland Division, is appropriate pursuant to 28 U.S.C. §1391 because the occurrences complained of took place in Columbia County, Oregon.

## PARTIES

4.      Plaintiff Jessica Doe ("Plaintiff") is an adult female born March 10, 2001. At all times material herein, Plaintiff was a minor resident of Columbia County, Oregon, and a public school student enrolled at and attending St. Helens High School, in St. Helens, Oregon.

5.      Plaintiff is proceeding under a pseudonym because she is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma. Plaintiff's true identity is known to the Defendants.

6.      At all times material herein, St. Helens High School (hereinafter, the "School") was a public high school (grades 9-12) located in St. Helens, Oregon. At all times material herein, the School operated within, and was governed and controlled by, the Defendant St. Helens School District (hereinafter, the "District").

7.      At all times material herein, the Defendant District was a corporate body authorized and chartered by the laws of the State of Oregon, and a recipient of Federal funding for public education.

8.      At all times material herein, the Defendant St. Helens School District Board

(hereinafter, the "Board") was authorized by the laws of the State of Oregon to transact all business within the jurisdiction of the District. This includes establishing all policies, procedures, and rules of the District, including those related to preventing, detecting, and investigating suspected or reported acts of sexual misconduct and abuse, as well as responding to, correcting, and remediating the effects of known acts of sexual misconduct and abuse.

9.      For at least part of the time material herein, Defendant Scot Stockwell (hereinafter, "Stockwell") was (and currently is) the Superintendent of the District.  In his official and/ or individual capacity as Superintendent, Stockwell had the authority and duty to make and implement (and did make and implement) District-wide all policies, procedures, and rules adopted by the Board. This included the implementation of any policies, procedures, or training related to sexual abuse prevention, detection, investigation, reporting, correction, and remediation. Stockwell also had the authority and duty (1) to supervise and discipline (and did supervise) District- and School-level personnel, including Plaintiff's abuser Kyle Wroblewski; and (2) to exercise final oversight (and did exercise final oversight) of District- and School-level personnel decisions, including the hiring, discipline, and/or continued retention of Plaintiff's abuser Kyle Wroblewski.

10.     For at least part of the time material herein, Defendant Ted Zehr (hereinafter, "Zehr") served as the Principal of the School. In his official and/ or individual capacity as Principal, Zehr had the authority and duty to implement school-wide all policies, procedures, and rules adopted by District leadership, including by Stockwell and the Board. This included the implementation of any policies, procedures, or training related to sexual abuse prevention, detection, reporting, investigation, correction, and remediation. Zehr also had supervisory authority over School personnel, and did supervise School personnel, including Plaintiff's abuser

Kyle Wroblewski.

11.    The Defendant District (including the School and Defendants Stockwell and Zehr when acting, variously, at relevant times in their official capacities on behalf of the District and/or School) and the Defendant Board shall hereinafter be collectively referred to as the "District Defendants."

12.    Defendants Stockwell and Zehr when acting, variously, in their individual capacities on behalf of the District and/ or School, shall hereinafter be collectively referred to as the "Supervisory Defendants."

13.    All uses hereinafter of "Defendants" shall refer, collectively, to both the District and Supervisory Defendants, unless the context clearly alleges otherwise.

## FACTUAL ALLEGATIONS

14.    Prior to 2005 the District Defendants hired Kyle Wroblewski (hereinafter, "Wroblewski") to work as a track coach and teacher at the School.  As a coach and teacher at the School, the District Defendants empowered Wroblewski to perform all duties of a District and School staff member, including supervising, disciplining, and developing relationships with District students, including Plaintiff.

15.    As alleged in further detail below, Defendants possessed extensive actual notice that  Wroblewski posed an ongoing sexual danger to the District's female students, including actual knowledge that Wroblewski had committed (and had admitted to) numerous unconstitutional acts of sexual misconduct, sexual harassment, and sexual abuse over the course of more than a decade. Yet, despite having extensive notice of Wroblewski's dangerousness— both prior to his sexual abuse of Plaintiff and specifically as to Plaintiff herself—Defendants chose to continuously retain Wroblewski, and endanger the District's female students, until

Wroblewski's May 2018 arrest for his sexual abuse of Plaintiff.

**FACTS REGARDING DEFENDANTS' EXTENSIVE NOTICE OF
WROBLEWSKI'S SEXUAL DANGEROUSNESS TO FEMALE STUDENTS, 2005-2017**

16.     Over more than the decade ***prior*** to Plaintiff's sexual abuse in 2017 and 2018,
Defendants acquired actual and extensive prior notice that Wroblewski posed an ongoing sexual
danger to the District's female students. Defendants' extensive notice included numerous known,
corroborated, and admitted acts of sexual misconduct, harassment, and abuse of students dating
at least from 2005, 2007, 2008, 2009, and concerning at least twenty further students
subsequently.

17.     As early as 2005, Defendants were on notice of a female student's complaint
regarding Wroblewski's inappropriate "teacher conduct."

18.     At least by December of 2007, Defendants were again put on notice of a different
female student's complaint regarding Wroblewski's inappropriately sexualized conduct,
including making multiple sexual comments and sexually inappropriate jokes while teaching in
class, and rubbing a female student's shoulders at his desk during class time while the rest of the
class worked on assigned course work.

19.     In April 2008, the School's then-assistant principal Joanna Rau ("Rau") wrote a
disciplinary "Letter of Directive," admonishing Wroblewski, not only for the 2005 and 2007
conduct alleged above, but also for numerous other subsequent incidents that had become known
to the Defendants. Such incidents included Wroblewski:

      a.    "Smelling girls and referring to their 'delicious' perfume;"

      b.    Running his hands through  female students' hair;

      c.    Making inappropriate and sexual comments about female students' bodies and

appearance;

d.   Making inappropriate sexual jokes and comments;

e.   Giving female students shoulder massages in class;

f.   Helping a female track student to stretch her hamstring, intimately massaging her inner thigh and groin area while attempting, unsuccessfully, to stay out of sight behind the School track shed;

g.   Choosing only "the pretty girls" as his teaching assistants;

h.   Allowing female students and athletes  to wear their volleyball spandex in his classroom in violation of School policy;

i.   Allowing female students to congregate at his desk during class;

j.   Engaging in behavior that students described as "too touchy;" and,

k.   Generally exhibiting favoritism, including in grading, toward female students.

20.   Wroblewski admitted to the conduct set out in the School's 2008 "Letter of Directive," which imposed only general expectations that Wroblewski cease his behavior, or else face, "disciplinary action up to dismissal." Defendants imposed no meaningful supervision of, nor restrictions on, Wroblewski.

21.   As a mandatory child abuse reporter under Oregon law, Rau believed that Wroblewski's acts, as detailed in the School's 2008 "Letter of Directive," constituted child abuse. In 2018, Rau made reports to the St. Helens Police Department about Wroblewski.

22.   Nevertheless, Wroblewski continued to groom, sexually harass, and sexually abuse the District's female students. In April of 2009, the School and District again admonished Wroblewski in writing on the basis of three more substantiated instances of sexual misconduct occurring after the School's 2008 letter. These new complaints involved:

a. A student with whom Wroblewski raised the topic of "missionary" being a sexual position;

b. Another student with whom Wroblewski was texting privately;

c. Wroblewski privately arranging to meet the same student referenced in (b) at the School alone on a Sunday afternoon, ostensibly for (unapproved) "school monitor" activities; and,

d. The recurring complaint that Wroblewski was continuing to allow female students to congregate at his desk during class time, in direct violation of the 2008 Letter of Directive.

23. By at least April 2009, and given Wroblewski's ongoing sexual misconduct toward female students (including his observed and admitted sexually abusive touching and massaging of a female student athlete's inner thigh and groin, as alleged above), School Principal Nanette Hagen determined that Wroblewski's termination was necessary in order to protect female students from the clear danger of sexual abuse posed by Wroblewski.

24. At a meeting with District Superintendent Patricia Adams ("Adams"), Hagen recommended that Adams terminate Wroblewski. Hagen also expressed to Adams her fear and prediction that, by retaining him, the District would likely be enabling the sexual abuse of yet more female District students in the future.

25. Superintendent Adams nevertheless opted to retain Wroblewski despite having actual knowledge (1) that Wroblewski had already sexually harassed and abused numerous students, (2) that previous attempts to discipline Wroblewski had proven inadequate, and (3) that, if retained, Wroblewski would likely pose an ongoing threat to further female students in the future. Instead, Adams merely imposed only an official reprimand and three-day suspension.

26. After Adams' decision to retain Wroblewski, Hagen wrote a letter to Wroblewski, dated April 24, 2009, informing him of the following:

    a. "I found through my investigation that, notwithstanding the prior letter of directive and your acknowledgement of those directives, your improper behavior has continued again into this year. The gravity of your continued misconduct is magnified by the fact that your conduct constitutes sexual harassment of students;"

    b. "Your conduct has the effect of unreasonably interfering with a student's educational performance or it creates an intimidating, hostile, or offensive educational environment for those students;"

    c. "You have been guilty of serious misconduct. . .your conduct constitutes sexual harassment of students;"

    d. "Your behavior is strictly forbidden by state and federal law as well as the District's policies. It is on a par with harassment based on racial, religious, or ethnic considerations. Furthermore, your misconduct subjects the District, and you, individually, to serious civil liability;" and,

    e. "The punishment of a reprimand and a three-day suspension is warranted. In fact, more serious disciplinary action is probably also warranted even though it was not taken."

27. In lieu of terminating Wroblewski, Adams eventually issued a second Letter of Directive (entitled a "List of Expectations") to Wroblewski, dated May 5, 2009. By this letter, Adams simply re-imposed the behavioral expectations of the 2008 Letter of Directive, which Adams knew Wroblewski had already ignored. Despite Wroblewski's further sexual misconduct

after the District's 2008 letter, the District again imposed no restrictions or supervisory measures, nor took any other actions, to prevent Wroblewski from abusing again.

28.    After Adams's decision to retain Wroblewski, Principal Hagen reported her ongoing concerns about Wroblewski to the Oregon Teachers Standards and Practices Commission ("TSPC").

29.    Superintendent Adams' decision to retain a known sexual predator in Wroblewski directly enabled him to immediately continue grooming, sexually harassing, and sexually abusing numerous other District female students for approximately another nine years, including Plaintiff.

30.    Subsequent to the three student complaints at issue in Hagen's and Adams's 2009 letters to Wroblewski, School Assistant Principal B.G. Aguirre ("Aguirre"), then began to receive yet more complaints about Wroblewski of the same nature as those previously addressed in the Spring of 2008 and 2009:

    a.    Just before the 2008-2009 school year, Aguirre succeeded Rau as the School's Assistant Principal, working under Principal Hagen. Through a review of Wroblewski's working personnel file, Aguirre learned of Wroblewski's ongoing inappropriate and sexualized misconduct towards multiple female students.

    b.    Subsequently, and in addition to the incidents covered in the 2008 and 2009 letters, Aguirre personally received complaints about Wroblewski's sexual harassment and abuse from at least **twenty** additional female students.

    c.    Aguirre then also met with Wroblewski on at least ten separate occasions to further address with him the need to immediately cease these actions. Wroblewski's attitude during these meetings was hostile and defensive.

31.     Between 2005-2018, Wroblewski's sexually inappropriate behavior and relationships with female students became a commonly understood "open secret" within the School community and around the District. Rumors and discussion of Wroblewski's ongoing sexual harassment and abuse were commonly passed among students, parents, and School and District staff. Defendants had a policy, practice, or custom of not adequately investigating, communicating, documenting, or retaining reports and rumors of Wroblewski's pattern and practice of sexual misconduct.

32.     In 2015, Defendant Scot Stockwell ("Stockwell") became the District's Superintendent. By this time, Aguirre had become the School's head Principal. Before leaving the District in 2017, Aguirre met in person with Stockwell to warn him about Wroblewski and ensure that Stockwell was fully on notice of Wroblewski's ongoing dangerousness to students. At this meeting, Aguirre informed Stockwell of the following:

    a.  The extent of the District's prior notice concerning Wroblewski, based on the incidents alleged above from 2005, 2007, 2008, 2009, and the twenty subsequent and additional reports that she had personally received from students; and,

    b.  Her fear and prediction that Wroblewski continued to pose an immediate and un-remediated danger to the District's female students and athletes of further sexual misconduct,  harassment, and  abuse.

Based on this and other conversations, Defendant Stockwell knew that Wroblewski posed a clear and ongoing danger to current and future District female students, including Plaintiff.

33.     Accordingly, by at least 2017, and prior to Wroblewski's grooming and sexual abuse of Plaintiff, at least two former and current District Superintendents – Patricia Adams and Defendant Stockwell— possessed extensive actual notice of (1) Wroblewski's numerous prior

acts of sexual misconduct, harassment, and abuse, and (2) his ongoing, un-remediated dangerousness to the District's female students. Nevertheless, despite having full supervisory, disciplinary, and policy-making authority, the District Defendants' top leadership (including Defendant Stockwell) continued to retain on School staff a known sexual predator while taking no actions to address or mitigate the known danger that Wroblewski posed. This includes taking no actions to protect, train, warn, or inform students or their parents, including Plaintiff, of the dangers to students of child sexual abuse at school generally, or of the known danger to female students posed by Wroblewski specifically.

34.    Defendants' continued retention of Wroblewski, and failure to protect female students from the known, ongoing dangers he posed, enabled, and subjected further students to suffer sexual misconduct, harassment, and/ or abuse, ultimately including Plaintiff.

## FACTS REGARDING DEFENDANTS' EXTENSIVE NOTICE OF WROBLEWSKI'S ONGOING GROOMING AND SEXUAL ABUSE OF PLAINTIFF, 2016-2018

35.    At all times material herein, the District Defendants selected, approved, and retained Wroblewski as a public high school teacher and track coach at the School. As a public high school teacher and track coach for Defendants, Wroblewski acted as the agent of the District Defendants, agreeing to act on the District Defendants' behalf and under their control, and with the District Defendants' assent to Wroblewski acting on their behalf. As a public high school teacher and track coach for Defendants, Wroblewski was empowered to educate, coach, supervise, discipline, befriend, and mentor the District's students attending the School, including Plaintiff. Wroblewski provided these services to Plaintiff on behalf of the District Defendants.

36.    The District Defendants empowered Wroblewski to perform all duties of a public high school teacher and track coach, including educating, coaching, supervising, disciplining,

befriending, and mentoring the District's students attending the School, including Plaintiff, and to perform any other duties of a public high school teacher and coach not specifically mentioned. The District Defendants knew that as part of his duties as a public high school teacher and coach, Wroblewski would be in a position of trust, confidence, respect, and authority over District students attending the School, including Plaintiff. At all times material herein, the District Defendants retained the right to control the means and methods used by Wroblewski in fulfilling his duties as a public high school teacher and track coach. In addition, or in the alternative, the District Defendants caused Plaintiff to believe that the District Defendants consented to having Wroblewski act on their behalf, and, in all of Plaintiff's interactions with Wroblewski, Plaintiff reasonably relied upon her belief that the District Defendants consented to having Wroblewski act on their behalf. The services of Wroblewski for and to the District Defendants made him an agent and/or apparent agent of the District Defendants.

37.    At least by 2016, Wroblewski met Plaintiff while serving the District Defendants as Plaintiff's teacher and track coach.

38.    While working for the District at the School, and at least in part for the purpose of furthering his assigned duties as a public high school teacher and track coach for the District Defendants, Wroblewski sought and gained Plaintiff's respect, admiration, friendship, and obedience; sought and gained Plaintiff's trust and confidence as an authority figure and mentor to Plaintiff; and sought and gained the permission, acquiescence, and support of Plaintiff to spend substantial periods of time alone with Plaintiff. Defendants also instructed Plaintiff to trust, obey, and have respect for all School and District staff, including Wroblewski. As a result, Plaintiff was conditioned to trust Wroblewski, to comply with Wroblewski's direction, and to respect Wroblewski as a person of authority. This course of conduct, as further described and

alleged below, is hereinafter referred to as "Grooming."

39.    Beginning in the 2016-2017 school year, Wroblewski, who was forty-three (43) years old at the time, began Grooming Plaintiff, then a fifteen (15) year-old sophomore.

40.    Wroblewski began observably Grooming Plaintiff through escalating acts of special attention, including:

   a.   Sitting and talking with her for long periods during track activities;

   b.   Talking intimately with her during classes;

   c.   Giving Plaintiff rides in his car;

   d.   Exchanging handwritten notes with Plaintiff at School, and during School hours;

   e.   Exchanging gifts and items with Plaintiff at School, specifically during either her classes or during track practices and meets;

   f.   Meeting Plaintiff for one-on-one conversation all over the School campus;

   g.   Going on private one-on-one runs together;

   h.   Engaging Plaintiff in private personal phone calls;

   i.   Engaging with Plaintiff through private personal text messages;

   j.   Engaging with Plaintiff in increasingly explicit sexual conversation, including about masturbation;

   k.   Allowing and encouraging Plaintiff to spend significant amounts of time alone with him in his classroom, for no legitimate educational purpose, and often in lieu of Plaintiff attending her other scheduled classes;

   l.   Providing Plaintiff with personal counsel on private matters, including Plaintiff's mental health, self-harm, and suicidal ideation; and,

   m.   Attending and actively participating in Plaintiff's mental health counseling

sessions with School counseling staff.

Wroblewski engaged Plaintiff in these acts of Grooming openly, and much of his conduct was observable—and actually observed— by School teachers, staff, and students.  Yet, Defendants undertook no action, follow-up, or investigation to end, mitigate, or prevent the foreseeable and ongoing harms being inflicted on Plaintiff despite having extensive prior notice of the danger Wroblewski posed to female students, including Plaintiff.

41.     At Wroblewski's encouragement, Plaintiff spent significant amounts of time alone with Wroblewski in his classroom outside of their scheduled classes, and for no educational purpose. Plaintiff often skipped her scheduled classes to be near Wroblewski and even sleep under his classroom desk. Rather than put a stop to this observed and alarming behavior between a student and known sexual predator, Defendants instead affirmatively encouraged it by designating Wroblewski as Plaintiff's primary support resource within the School and District. In so acting, Defendants drastically increased the amount of unsupervised access to Plaintiff that Wroblewski otherwise would have had, making Wroblewski's already predictable sexual abuse of Plaintiff even more likely.

42.     Defendants affirmatively acted to enable and encourage Plaintiff's consistent exposure to Wroblewski's known dangerousness, adopting a policy or practice of allowing Wroblewski's Grooming to continue—unsupervised and unabated—by designating him Plaintiff's primary School and District support resource. For instance:

     a.   Pursuant to an "understanding" among administrators, teachers, and counselors, Defendants encouraged and directed Plaintiff—at times even sent Plaintiff—to spend time with Wroblewski alone and isolated in his classroom, for no educational purpose;

b.  School staff would refer explicitly to Wroblewski as Plaintiff's "safe person," and write him directly to update him on her class progress, ask him to pass messages to her about schoolwork, and ask him to provide academic encouragement; and

c.  During Plaintiff's sessions with at least three different School counselors for her ongoing emotional and academic struggles, Wroblewski was included and involved by School and District staff to be present as an active participant, at times "directing" the sessions.

43.  As alleged in paragraphs 35-42 above, Wroblewski's acts of Grooming, (1) were undertaken in furtherance of duties within the course and scope of his agency with, and on behalf of, the District Defendants, (2) were actively encouraged and approved of by Defendants' actions and policy decisions, and (3) directly led to or resulted in the eventual escalation of Wroblewski's ongoing predation of Plaintiff to the point of intimate, physical, sexual abuse.

44.  Starting on or around October 15, 2017, Wroblewski, while acting within the course and scope of his actual or apparent agency for the District Defendants, and using his authority and position of trust as a public high school teacher and track coach – through the Grooming process – induced and directed Plaintiff, a minor, to engage in at least 19 separate sessions of phone sex and "sexting."

45.  Starting on or around November 30, 2017, Wroblewski, while acting within the course and scope of his actual or apparent agency for the District Defendants, and using his authority and position of trust as a public high school teacher and track coach – through the Grooming process – induced and directed Plaintiff, a minor, to engage in numerous acts of physical sexual contact, including groping, digital penetration of Plaintiff's vagina and anus, simulated intercourse, mutual acts of oral sex, and eventually penetrative vaginal intercourse.

Wroblewski committed these various acts of physical, sexual abuse on at least the following 12 occasions:

a.  On or around November 30, 2017, involving Wroblewski's digital penetration of Plaintiff on the campus of the School (in the School weight room);

b.  On or around December 9, 2017, involving simulated intercourse and groping at Wroblewski's home;

c.  On or around December 17, 2017, involving oral sex by Wroblewski and sexual intercourse outside near Wroblewski's home;

d.  Also on or around December 17, 2017, involving oral sex by Wroblewski and sexual intercourse on the campus of the School (in the School track shed);

e.  On or around January 12, 2018, involving sexual intercourse in Wroblewski's parked truck;

f.  On or around February 3, 2018, involving sexual intercourse in Wroblewski's parked truck;

g.  On or around February 19, 2018, involving oral sex by Plaintiff and sexual intercourse in Wroblewski's parked truck;

h.  On or around March 2, 2018, involving sexual intercourse on the campus of the School (in the School's track booth);

i.  On or around late-March or early-April 2018, involving sexual intercourse on the campus of the School (in the School's track booth);

j.  On or around late-March or early-April 2018, involving sexual intercourse at Wroblewski's home during School hours;

k.  On or around April 2018, involving digital penetration on the campus of the

School (in the School's laundry room); and,

l.    On May 1, 2018— the day of Wroblewski's arrest— involving sexual intercourse at Wroblewski's home during School hours.

As set out further below, these acts constitute multiple counts by Wroblewski of sexual battery, each intentionally inflicting emotional distress upon Plaintiff.

46.    Throughout the winter and spring of 2017-2018, information about Plaintiff's and Wroblewski's relationship was discussed widely throughout the School and had become known to certain School staff. Prior to any of the instances of physical and sexual abuse alleged above, multiple students had already notified numerous School and District personnel of their concerns about Wroblewski's inappropriate relationship with Plaintiff. Despite Defendants' knowledge of this information, neither the District, the Board, the School, Superintendent Stockwell, Principal Zehr, nor any other District or School staff reported this information to the proper authorities, undertook any further investigation, made any effort to warn Plaintiff of the danger Wroblewski posed to her, nor made any attempt otherwise to end, mitigate, or prevent Wroblewski's ongoing sexual abuse of Plaintiff.

47.    Throughout the period of Wroblewski's Grooming of Plaintiff while Plaintiff attended the School, which occurred within view of the Defendants, the Defendants (1) failed to question Wroblewski about the nature of his relationship with Plaintiff, (2) failed to investigate rumors of their sexual relationship, (3) failed to report reasonable suspicion of child abuse of Plaintiff to police or state authorities, and (4) failed to create and enforce an appropriate boundary between Wroblewski and students, including Plaintiff. In so doing, Defendants acted with deliberate indifference to the safety of students, including Plaintiff, and/or tacitly authorized Wroblewski's misconduct to continue.

48.     Wroblewski's sexual abuse of Plaintiff temporarily ended only when, on May 1, 2018, he was arrested, and later indicted on 34 counts related his to sexual abuse of Plaintiff.

49.     Despite Defendants' actual knowledge of Wroblewski's arrest and the full scope of his physical sexual abuse of Plaintiff, Defendants subsequently took no action of any kind either to correct, remedy or mitigate the effects on Plaintiff of Wroblewski's sexual abuse, or to prevent the future occurrence of sexual abuse of students by staff.

50.     Defendants failed to provide, offer, recommend, or coordinate any health, psychological, counseling, and/ or academic assistance or services of any kind to Plaintiff to address, remedy, or mitigate any of the harms she suffered as a result of Wroblewski's sexual abuse.

51.     Defendants' further failed to address any needed policy changes, or to terminate or discipline any District board, administrative, or teaching personnel as a result of Wroblewski's sexual abuse of Plaintiff.

52.     When on release pending trial, Wroblewski violated the terms of his release and continued to sexually abuse Plaintiff. In August of 2018, Wroblewski twice engaged in contact with Plaintiff and sexually abused her for the final times while he was on pre-trial release.

53.     In August of 2019, Wroblewski was sentenced to 50 months in custody. Wroblewski admitted to the sentencing enhancement factor that "the offense involved a violation of public trust or professional responsibility," in violation of OAR 213-008-0002(1)(F).

54.     As a result of Wroblewski's sexual abuse, molestation, and breach of authority, trust and position as Defendants' teacher, coach, and agent, Plaintiff has suffered and continues to suffer from: sexual dysfunction, addiction issues, and physical symptoms of stress and anxiety. In addition to the aforementioned physical injuries, and as a further result of

Wroblewski's sexual battery and infliction of emotional distress upon Plaintiff, Plaintiff suffered

and will suffer in the future: severe and debilitating mental and emotional injury, including but

not limited to pain and suffering, emotional trauma, shame, guilt, anxiety, stress, low self-

esteem, depression, suicidal ideation, social isolation, embarrassment, avoidance, denial,

obsessive behaviors, anger, issues with authority, and distrust of others. All of the

aforementioned injuries have caused and will cause Plaintiff non-economic damages in an

amount to be proven at trial.

55.    As an additional result and consequence of Wroblewski's sexual abuse,

molestation, and breach of authority, trust and position as Defendants' teacher, coach, and agent,

Plaintiff has incurred and/or will incur in the future, costs for psychotherapy, psychological

evaluations, psychiatric care, substance abuse treatment and similar medical treatment. All of the

aforementioned injuries have caused and will cause Plaintiff in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### Civil Rights Claim – 14th Amendment (Substantive Due Process) – 42 U.S.C. § 1983
### State-Created Danger

### Against all Defendants

56.    Plaintiff realleges and incorporates herein as though set forth in full in

paragraphs 1 through 55, above.

57.    The Defendants, with deliberate indifference, exposed Plaintiff to Wroblewski's

long-known and ongoing pattern of Grooming, boundary violations, and overtly predatory

behavior toward the District's female students.

58.    The Defendants' deliberately indifferent exposure of Plaintiff to Wroblewski, as

a teacher known to harbor sexual interest in his minor female students (including a known sexual

interest in Plaintiff), affirmatively placed Plaintiff into the state-created danger of sexual abuse by Wroblewski.

59.    As a result of the Defendants' deliberate indifference to their state-created danger of sexual abuse, Plaintiff did in fact suffer numerous acts of sexual abuse by Wroblewski throughout 2017 and 2018.

60.    As a public school student sexually abused by her teacher and coach Wroblewski, the Defendants' actions deprived Plaintiff of her Constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors.

61.    As a direct result of her exposure by the Defendants to their state-created danger of sexual abuse by Wroblewski, Plaintiff incurred economic and non-economic damages, and is entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury.

62.    The actions of the Defendants, as alleged in paragraphs 54-61 above, were deliberately indifferent to, and in callous disregard of, Plaintiff's physical safety and civil rights. Plaintiff is accordingly entitled to an award of punitive damages against the District Defendants in an amount to be determined by a jury.

63.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

<u>**SECOND CLAIM FOR RELIEF**</u>
**Civil Rights Claim – 14th Amendment (Substantive Due Process)
– 42 U.S.C. § 1983
*Monell* Claims**

**Against the District Defendants**

64.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1

through 63, above.

65.     As a public school student sexually abused by her teacher and coach Wroblewski, the District Defendants deprived Plaintiff of her Constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors, including public school teachers.

66.     The moving forces that resulted in the deprivation of Plaintiff's Fourteenth Amendment rights were the following policies, customs, or practices of the District Defendants:

a.     A policy, custom, or practice of not providing training to all School and District staff members on how to identify, investigate, report, and prevent grooming, boundary violations, or other predatory behavior;

b.     A policy, custom, or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report, and prevent grooming, boundary violations, and predatory behavior;

c.     A policy, custom, or practice of not implementing policies and procedures as to how to identify, investigate, report, and prevent grooming, boundary violations, and predatory behavior;

d.     A policy, custom, or practice of not reporting, tacitly authorizing, or otherwise ignoring substantiated reports and other information indicating ongoing Constitutional deprivations, including sexual harassment and sexual contact by staff toward students;

e.     A policy, custom, or practice of not investigating, corroborating, communicating, adequately documenting, or retaining reports and rumors of suspected, ongoing sexual misconduct or abuse of students by staff;

    f.   A policy, custom, or practice of concealing and not warning students and parents about known dangers to students of sexual misconduct, harassment, and abuse posed by certain teachers, coaches, or other staff members, including Wroblewski;

    g.   A policy, custom, or practice of retaining on staff teachers and coaches known to have already sexually harassed and abused multiple students, even after having been reprimanded for it;

    h.   A policy, custom, or practice of designating particular teachers, coaches, or staff members as a "safe person" or an otherwise trusted resource for certain students, allowing and encouraging those students to spend unlimited time with those teachers alone and unsupervised, and without any educational purpose, even when on extensive notice that the so-called "safe person" is, in fact, a sexual predator; and,

    i.   A policy, custom, or practice of not providing training to all District students and parents on the dangers to students of child sexual abuse, including how to identify and protect against grooming, boundary violations, and other predatory behavior.

67.    The above-alleged policies, customs, or practices of the District Defendants posed a substantial, known risk of causing significant harm to students, including Plaintiff.

68.    As a direct result of the above-alleged policies, customs, or practices of the District Defendants, Plaintiff was sexually abused by Wroblewski and suffered severe physical, mental, and emotional distress. Plaintiff is accordingly entitled to an award of compensatory damages against the District Defendants in an amount to be determined by a jury.

69.    The actions of the District Defendants, as alleged in paragraphs 66-68 above,

were deliberately indifferent to, and in callous disregard of, Plaintiff's physical safety and civil rights. Plaintiff is accordingly entitled to an award of punitive damages against the District Defendants in an amount to be determined by a jury.

70.     Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## THIRD CLAIM FOR RELIEF
### Civil Rights Claim – 14th Amendment (Substantive Due Process) – 42 U.S.C. § 1983 Supervisory Liability

### COUNT ONE
### Against Defendant Scot Stockwell

71.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 70, above.

72.     By at least 2017, prior to Wroblewski's Grooming and sexual abuse of Plaintiff, District Superintendent Stockwell, in his individual, supervisory capacity, had acquired notice of the following regarding his subordinate Wroblewski:

a.   That Wroblewski was engaged in a continuing pattern of depriving female District students of their constitutionally protected interests in bodily security by grooming, sexually harassing, and physically touching them in sexually abusive ways;

b.   That Wroblewski had begun to commit these acts by at least 2005;

c.   That Wroblewski had committed additional acts in at least December of 2007;

d.   That Wroblewski had been confronted in 2008 by School administrators for numerous reported, documented, corroborated, and unconstitutional deprivations of the rights of multiple female District students, to which Wroblewski admitted;

e.  That Wroblewski was, nevertheless, retained as a teacher and coach at the School, posing a continuing threat to the Constitutionally protected interests of female District students;

f.  That, by at least April 2009, Wroblewski had committed further, corroborated, and unconstitutional deprivations against three additional female District students;

g.  That School Principal Hagen recommended to Superintendent Adams that Wroblewski be terminated, based on Hagen's specific fear and prediction that his continued retention would enable, and likely result in, the sexual abuse of yet more female District students in the future;

h.  That Superintendent Adams nevertheless retained Wroblewski, imposing no supervisory measures or other conditions in response to the known ongoing danger he posed to District female students;

i.  That, on April 24, 2009, the District informed Wroblewski in writing that, among other things, he was, "guilty of serious misconduct" constituting the sexual harassment of students, and that his actions were, "strictly forbidden by state and federal law as well as the District's policies;"

j.  That, in addition to those incidents of abuse specifically discussed in the 2008 and 2009 District letters, then-School assistant principal (and later head Principal) Aguirre had personally received subsequent reports from twenty additional female students of Wroblewski's unconstitutional boundary violations; and,

k.  That other School and District administrators, including Aguirre, who spoke with Stockwell personally on the issue, knew that Wroblewski posed a continuing and immediate danger to the District's female students of grooming, sexual harassment,

and sexual abuse.

73.    In addition to the above-alleged instances of prior notice of Wroblewski's dangerousness and sexual misconduct, Supervisory Defendant Stockwell, in his individual and supervisory capacity, also acquired notice that Wroblewski's inappropriate and predatory conduct constituted a specific threat to current female District students, and specifically to Plaintiff herself.

74.    Supervisory Defendant Stockwell was on notice of Wroblewski's threat to Plaintiff specifically, based at least on the following instances of overt and observable conduct:

a.    Wroblewski engaged in intimate one-on-one conversations with Plaintiff during School events;

b.    Wroblewski spent an inordinate amount of time around Plaintiff, for no educational purpose, including unsupervised time in his classroom outside of class hours, and off campus;

c.    Pursuant to an "understanding" among administrators, teachers, and counselors, Defendants encouraged and directed Plaintiff—at times even sent Plaintiff—to spend time with Wroblewski alone and isolated in his classroom, for no educational purpose;

d.    School staff would refer explicitly to Wroblewski as Plaintiff's "safe person," and write him directly to update him on her class progress, ask him to pass messages to her about schoolwork, and ask him to provide academic encouragement;

e.    During Plaintiff's sessions with at least three different School counselors for her ongoing emotional and academic struggles, Wroblewski was included and involved by School and District staff to be present as an active participant, at

times "directing" the sessions; and,

    f.   Prior to Wroblewski's physical, sexual abuse of Plaintiff, multiple students had notified numerous School and District personnel of their concerns regarding Wroblewski's inappropriate relationship with Plaintiff.

75.    Based on this knowledge, Stockwell knew Wroblewski was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiff specifically.

76.    Instead of (1) terminating Wroblewski based on his above-alleged notice of Wroblewski's ongoing and un-remediated sexual misconduct, harassment, and abuse of female students (including of Plaintiff specifically), or even (2) imposing on Wroblewski *any* supervisory safeguards or accountability, Supervisory Defendant Stockwell took ***no action at all*** to limit Wroblewski's access to Plaintiff, or to otherwise stop Wroblewski's ongoing deprivation of Plaintiff's constitutional rights. On the contrary, Wroblewski was affirmatively assigned and designated by Defendants as a "safe person" and trusted resource for Plaintiff, enabling and encouraging Wroblewski to have even further unsupervised access to, and time with, Plaintiff than he might otherwise have had.

77.    As a direct, inexorable result of the actions and inactions of Supervisory Defendant Stockwell discussed above, Plaintiff was exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. The actions and inactions of Supervisory Defendant Stockwell were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded her physical safety. Accordingly, punitive damages against Supervisory Defendant Stockwell should be awarded in an amount to be determined by a jury.

78.    Plaintiff is entitled to her necessary and reasonable attorney fees and costs

incurred in the prosecution of this action.

## COUNT TWO
### Against Defendant Ted Zehr

79.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 78, above.

80.    Supervisory Defendant Zehr, in his individual, supervisory capacity as School principal, had notice that Wroblewski's inappropriate and predatory conduct constituted a specific threat to students, including to Plaintiff herself.  Zehr was on notice of at least the following, based on Wroblewski's following overt and observable conduct:

   a.  Wroblewski engaged in intimate one-on-one conversations with Plaintiff during School events;

   b.  Wroblewski spent an inordinate amount of time around Plaintiff, for no educational purpose, including in his classroom outside of class hours, and off campus;

   c.  Pursuant to an "understanding" among administrators, teachers, and counselors, Defendants encouraged and directed Plaintiff—at times even sent Plaintiff—to spend time with Wroblewski alone and isolated in his classroom, for no educational purpose;

   d.  School staff would refer explicitly to Wroblewski as Plaintiff's "safe person," and write him directly to update him on her class progress, ask him to pass messages to her about schoolwork, and ask him to provide academic encouragement;

   e.   During Plaintiff's sessions with at least three different School counselors for her ongoing emotional and academic struggles, Wroblewski was included and

involved by School and District staff to be present as an active participant, at times "directing" the sessions; and,

f.   Prior to Wroblewski's physical, sexual abuse of Plaintiff, multiple students had notified numerous School and District personnel of their concerns regarding Wroblewski's inappropriate relationship with Plaintiff.

81.   Based on this knowledge, Zehr knew Wroblewski was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to District female students, including Plaintiff specifically.

82.   Instead of (1) terminating Wroblewski based on his above-alleged notice of Wroblewski's ongoing and un-remediated sexual misconduct, harassment, and abuse of female students (including of Plaintiff specifically), or even (2) imposing on Wroblewski *any* supervisory safeguards or accountability, Supervisory Defendant Zehr took ***no action at all*** to limit Wroblewski's access to Plaintiff, or to otherwise stop Wroblewski's ongoing deprivations of Plaintiff's constitutional rights. On the contrary, Wroblewski was affirmatively assigned and designated by the Defendants as a "safe person" and trusted resource for Plaintiff, enabling and encouraging Wroblewski to have even further unsupervised access to, and time with, Plaintiff than he might otherwise have had.

83.   As a direct, inexorable result of Zehr's actions and inactions discussed above, Plaintiff was exposed to a known, grave risk of harm endured and suffered severe physical and emotional distress. Zehr's actions and inactions were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded her physical safety. Accordingly, punitive damages should be awarded against Supervisory Defendant Zehr in an amount to be determined by a jury.

84.   Plaintiff is entitled to her necessary and reasonable attorney fees and costs

incurred in the prosecution of this action.

## FOURTH CLAIM FOR RELIEF

### Title IX, 20 U.S.C. § 1681, *et seq.*

85.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84, above.

86.     The Defendant District and Board, as a public school district providing a public education to students within its boundaries, are recipients of Federal educational funding.

87.     Title IX of the Education Amendments of 1972 requires that, "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" This prohibition encompasses sexual harassment and sexual abuse of students by public school employees.

88.     Title IX required that the Defendant District and Board provide educational opportunity on an equal basis to Plaintiff, regardless of her gender.

89.     The Defendant District and Board, in the ways alleged further below, violated Title IX in that they failed to ensure that the education provided to Plaintiff, a minor female student, would be on an equal basis compared to the education provided by St. Helens High School to minor male students not subject to a known, ongoing danger of sexual abuse.

### COUNT ONE
### Deliberate Indifference to Sexual Discrimination, Harassment, and Abuse

### Against the Defendant District and Board

90.     Plaintiff realleges and incorporates by reference paragraphs 1 through 89, above.

91.     At least by 2017, the Defendant District and Board were on notice of Wroblewski's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiff.

92.    The Defendant District and Board subjected Plaintiff to discrimination in her education at St. Helens High School based on her gender in that she suffered sexual grooming, sexual harassment, and sexual abuse as a condition of her receipt of an education at St. Helens High School.

93.    The Defendant District and Board, in light of the known circumstances, unreasonably failed to take corrective action to stop Wroblewski's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiff, thereby acting with deliberate indifference to the rights and safety of Plaintiff.

94.    The deliberate indifference, actions, and omissions described above caused Plaintiff to suffer the above-alleged criminal and unconstitutional acts of sexual abuse by Wroblewski.

95.    As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiff incurred economic and non-economic damages, and is entitled to an award of compensatory damages against the Defendant District and Board in an amount to be determined by a jury.

## COUNT TWO
### Failure to Take Remedial or Corrective Action

### Against the Defendant District and Board

96.    Plaintiff realleges and incorporates by reference paragraphs 1 through 95, above.

97.    The Defendant District's and Board's obligations under Title IX extend to taking steps to prevent the recurrence, and remedy the effects on a student, of known acts of sexual harassment and abuse of students by teachers and other District staff.

98.    At least by May 1, 2018, the Defendant District and Board were on notice of Wroblewski's ongoing Grooming, sexual harassment, and sexual abuse of Plaintiff, as well as his

arrest by local police arising from these acts.

99.    Despite having notice of Wroblewski's arrest and the scope of his physical sexual abuse of Plaintiff, the Defendant District and Board took no action to correct, address, remedy, or mitigate the effects on Plaintiff of Wroblewski's abuse, or to prevent the future occurrence of sexual abuse of students by staff. The Defendant District and Board failed to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and/ or academic assistance or services to Plaintiff to address or mitigate the harms she suffered as a result of Wroblewski's sexual abuse.

100.    The Defendant District and Board further failed to address any needed policy changes to prevent further sexual abuse of students, or to terminate or discipline any District board, administrative, or teaching personnel as a result of Wroblewski's sexual abuse of Plaintiff.

101.    The Defendant District's and Board's failure to take or attempt any remedial or corrective action in aid of Plaintiff, a victim of known acts of sexual harassment and sexual abuse by a District employee, was deliberately indifferent to the rights and safety of Plaintiff.

102.    In failing, with deliberate indifference, to take or attempt any remedial or corrective measures in aid of Plaintiff subsequent to Wroblewski's arrest on May 1, 2018, including taking any action to mitigate or address the harms caused to Plaintiff by Wroblewski's abuse, the Defendant District and Board left Plaintiff vulnerable to further predations and sexual abuse by Wroblewski, including the subsequent acts of sexual abuse she, in fact, suffered as alleged in paragraph 52 above.

103.    As a direct result of the Defendant District's and Board's deliberate indifference, actions, and omissions described above, Plaintiff incurred economic and non-economic damages, and is entitled to an award of compensatory damages against the  Defendant District and Board

in an amount to be determined by a jury.

<strong><u>FIFTH CLAIM FOR RELIEF</u></strong><br><strong>Negligence</strong><br><strong>Against All Defendants</strong>

104.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 103, above.

105.    Defendants established a special relationship with Plaintiff once Plaintiff became a student of the District and School and held out to Plaintiff that their facilities were safe and trustworthy.  The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision, and retention of its staff, including Wroblewski. Alternatively, or in conjunction with the above, Plaintiff had a special relationship with Defendants as a child entrusted to the care and control of Defendants *in loco parentis*.  This special relationship created a duty of care on the part of Defendants to ensure Plaintiff's safety while a student.

106.    On information and belief, Defendants acted negligently and created a foreseeable risk of Wroblewski abusing students, including Plaintiff, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

a.      In failing to adequately supervise Wroblewski in his interactions and relationships with minors, including Plaintiff;

b.      In failing to adequately train employees and/or volunteers, including Wroblewski, in how to recognize, report, and prevent child sexual abuse;

c.      In failing to reasonably and adequately investigate and respond to

information indicating that Wroblewski was engaging in inappropriate and
sexual contact with students, including Plaintiff;

d.       In retaining Wroblewski after learning information indicating that he was
engaging in inappropriate and sexual contact with students, including
Plaintiff;

e.       In failing to warn Plaintiff about the known and foreseeable danger of sexual
misconduct, harassment, or abuse posed by Wroblewski;

f.       In failing to train students and parents about the known and foreseeable
danger of child sexual abuse by trusted adults in public school settings; and,

e.       In failing to properly implement other reasonable child abuse prevention
policies.

107.    Any or all of Defendants' failures described above were substantial contributing
and causal factors of all or some of Plaintiff's abuse and damages. Plaintiff endured and suffered
severe physical, mental, and emotional distress.  Plaintiff is entitled to compensatory damages in
an amount to be determined by a jury.

108.    Defendants' failures described above created a foreseeable risk that students in
Defendants' care, including Plaintiff, would be sexually abused.  Plaintiff's interest in being
protected and free from child sexual abuse was an interest of a kind that the law protects against
negligent invasion.

109.    Defendants' failures were direct and foreseeable causes of all or some of
Plaintiff's sexual abuse and damages, as alleged above.  As a result and consequence of
Defendants' negligence, Plaintiff has incurred economic and non-economic damages, and is
entitled to compensatory damages in an amount to be determined by a jury.

110.    Some of Wroblewski's intentional sexual abuse of Plaintiff occurred on the grounds of St. Helens High School, and therefore occurred while Wroblewski was directly acting within the course and scope of his employment with Defendants. In the alternative, by sexually abusing Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. Punitive damages against an agent are attributable to a principal when a tort is committed in the course and scope of agency. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury.

## SIXTH CLAIM FOR RELIEF

### Sexual Battery of Child/*Respondeat Superior*

### COUNT ONE

111.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 110, above.

112.    On or around November 30, 2017, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including acts of digital penetration.

113.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

114.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

115.    In  sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless

and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT TWO

116.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 115, above.

117.    On or around December 9, 2017, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including acts of simulated intercourse and groping.

118.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

119.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

120.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff

is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**COUNT THREE**

121.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 120, above.

122.    On or around December 17, 2017, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

123.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

124.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

125.    In  sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**COUNT FOUR**

126.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1

through 125, above.

127.    Again, on or around December 17, 2017, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

128.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

129.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

130.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**COUNT FIVE**

131.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 130, above.

132.    On or around January 12, 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse.

Page | 37    FIRST AMENDED COMPLAINT

133.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

134.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

135.    In  sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT SIX

136.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 135, above.

137.    On or around February 3, 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse.

138.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

139.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

140.     In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**COUNT SEVEN**

141.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 140, above.

142.     On or around February 19, 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse and oral sex.

143.     Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

144.     As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

145.     In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the

District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

### COUNT EIGHT

146.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 145, above.

147.    On or around March 2, 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse.

148.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

149.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

150.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

### COUNT NINE

151.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1

through 150, above.

152.     In approximately late-March or early-April of 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse.

153.     Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

154.     As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

155.     In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff.  Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT TEN

156.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 155, above.

157.     In approximately late-March or early-April of 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including

sexual intercourse.

158.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

159.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

160.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**COUNT ELEVEN**

161.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 160, above.

162.    In approximately April 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including digital penetration.

163.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

164.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be

determined by a jury.

165.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## COUNT TWELVE

166.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 165, above.

167.    On or around May, 1 2018, while acting in the course and scope of his agency for the District and the School, Wroblewski engaged in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent, including sexual intercourse.

168.    Acts within the course and scope of Wroblewski's agency with the Defendants led to or resulted in his sexual battery of Plaintiff.

169.    As a direct result of Wroblewski's sexual battery, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

170.    In sexually battering Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the

District Defendants were causally connected to and in fact led to the battery of Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress/*Respondeat Superior*

171.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 170, above.

172.    Wroblewski knowingly and intentionally caused severe emotional distress to Plaintiff each and every time he sexually battered her as alleged above in paragraphs 111-170. Plaintiff did in fact suffer severe emotional distress each and every time she was sexually battered by Wroblewski, and as a direct result of that sexual battery, as alleged above in paragraphs 111-170.

173.     The sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

174.     While acting in the course and scope of his agency for the District Defendants and the School, as described in paragraphs 37-43 above, Wroblewski engaged in Grooming, boundary violations, and similar acts that led to or resulted in his intentional infliction of emotional distress to Plaintiff.

175.     As a direct result of Wroblewski's intentional infliction of emotional distress, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

176.     In intentionally inflicting emotional distress upon Plaintiff, Wroblewski acted with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm with a conscious indifference to the health, safety, and welfare of Plaintiff. The District

Defendants are liable for these punitive damages, as actions that were within the course and scope of Wroblewski's agency with the District Defendants were causally connected to and in fact led to his intentional infliction of emotional distress upon Plaintiff. Plaintiff is therefore entitled to punitive damages against the District Defendants in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First Claim for Relief**, for judgment against the Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Second Claim for Relief**, for judgment against the District Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Third Claim for Relief**, for judgment against the Supervisory Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fourth Claim for Relief**, for judgment against the Defendant District and Board, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Fifth Claim for Relief**, for judgment against the Defendants for compensatory damages in an amount the jury concludes is appropriate, for punitive damages in an amount the

jury concludes is appropriate, and for necessarily and reasonably incurred costs;

**On the Sixth Claim for Relief**, for judgment against the District Defendants, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs; and

**On the Seventh Claim for Relief**, for judgment against the District Defendants, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred costs.

DATED this 8th day of March, 2022.

CREW JANCI LLP


/s/ Stephen F. Crew_____
**Stephen F. Crew, OSB No. 781715**
**Peter B. Janci, OSB No. 074249**
CREW JANCI LLP
1200 NW Naito Pkwy, Ste 500
Portland, OR 97209
Tel: 503-306-0224
steve@crewjanci.com
peter@crewjanci.com

*Of Attorneys for Plaintiff*